IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
WESTERN    DIVISION
*(Write the District and Division, if any, of the
court in which the complaint is filed.)*

Haven Michael Medlin

*(Write the full name of each plaintiff who is filing
this complaint. If the names of all the plaintiffs
cannot fit in the space above, please write "see
attached" in the space and attach an additional
page with the full list of names.)*

-against-

see attached Pg 15+16

*(Write the full name of each defendant who is
being sued. If the names of all the defendants
cannot fit in the space above, please write "see
attached" in the space and attach an additional
page with the full list of names. Do not include
addresses here.)*

**Complaint for Violation of Civil
Rights**
(Prisoner Complaint)

Case No. 4:25-cv-00883 SRC
*(to be filled in by the Clerk's Office)*

**REQUEST FOR TRIAL BY JURY**

Plaintiff requests trial by jury. ☒ Yes ☐ No

lost pg 2
2

# I.      The Parties to This Complaint

## A.      The Plaintiff(s)

Provide the information below for each plaintiff named in the complaint. Attach additional pages if needed.

Name        Haven Medlin

All other names by which you have been known:

ID Number          94804
Current Institution     Mo Christian County Jail
Address            110 W Elm St Ozark Mo 65721
                   Rm 70

## B.      The Defendant(s)

- Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation.

- Make sure that the defendant(s) listed below are identical to those contained in the above caption.

- For an individual defendant, include the person's job or title (if known) and check whether you are bringing this complaint against them in their individual capacity or official capacity, or both.

- Attach additional pages if needed.

Defendant No. 1

Name                Nathan Law

Job or Title        Detective
(if known)
Shield Number       215
Employer            Christian County Sheriff
Address             110 W Elm St Ozark Mo 65721

☒ Individual capacity          ☒ Official capacity

3

Defendant No. 2

Name: Sara Spurlock

Job or Title (if known): Detective

Shield Number:

Employer: Christian County Sheriff

Address: 110 W Elm St Ozark MO 65721

☒ Individual capacity   ☒ Official capacity

## II. Basis for Jurisdiction

Under 42 U.S.C. § 1983, you may sue state or local officials for the "deprivation of any rights, privileges, or immunities secured by the Constitution and [federal laws]." Under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), you may sue federal officials for the violation of certain constitutional rights.

A. Are you bringing suit against *(check all that apply)*:

☐ Federal officials (a *Bivens* claim)

☒ State or local officials (a § 1983 claim)

B. Section 1983 allows claims alleging the "deprivation of any rights, privileges, or immunities secured by the Constitution and [federal laws]." 42 U.S.C. § 1983. Plaintiffs suing under *Bivens* may only recover for the violation of certain constitutional rights.

What federal constitutional or statutory right(s) do you claim is/are being violated by state or local officials?

8th, 4th amendment, 14th amendment, 5th amendment, 6th amendment, Due Process rights, right to Speedy Trial, right to be free from pre-trial oppression, right to be heard, Right to Notice, meaningful access to the Courts, right to liberty, 1st amendment

4

## III. Prisoner Status

Indicate whether you are a prisoner or other confined person as follows *(check all that apply)*:

- ☒ Pretrial detainee
- ☐ Civilly committed detainee
- ☐ Immigration detainee
- ☐ Convicted and sentenced state prisoner
- ☐ Convicted and sentenced federal prisoner
- ☒ Other *(explain)* Probation

## IV. Statement of Claim

Write a short and plain statement of FACTS that support your claim. Do not make legal arguments. You must include the following information:

- What happened to you?
- What injuries did you suffer?
- Who was involved in what happened to you?
- How were the defendants involved in what happened to you?
- Where did the events you have described take place?
- When did the events you have described take place?

If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.

1. I was arrested without a warrant on 11/20/24 at the Christian County Probation Office. There was not probable cause for Sarah Spurlock, under Detective Nathan Law's order to arrest, only for a search warrant. 2. Patricia Drinkall, P.O. used her power as my P.O. to further the conspiracy to deprive me of my rights. 3. The information known at the

See Attached pg 1-13

5

## V. Injuries

If you sustained injuries related to the events alleged above, describe your injuries and state what medical treatment, if any, you required and did or did not receive.

See attached Starting on Pg 13. as (a)

## VI. Relief

State briefly what you want the court to do for you. Make no legal arguments. Do not cite any cases or statutes. If requesting money damages, include the amounts of any actual damages and/or punitive damages claimed for the acts alleged. Explain the basis for these claims.

See attached Starting on Pg. 13 as (b)

## VII. Exhaustion of Administrative Remedies Administrative Procedures

The Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a), requires that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."

Administrative remedies are also known as grievance procedures. Your case may be dismissed if you have not exhausted your administrative remedies.

6

A. Did your claim(s) arise while you were confined in a jail, prison, or other correctional facility?

☒ Yes
☐ No

If yes, name the jail, prison, or other correctional facility where you were confined at the time of the events giving rise to your claim(s).

Christian County Jail 110 w East Ozark mo 65721
_____
_____

B. Does the jail, prison, or other correctional facility where your claim(s) arose have a grievance procedure?

☒ Yes
☐ No
☐ Do not know

C. Does the grievance procedure at the jail, prison, or other correctional facility where your claim(s) arose cover some or all of your claims?

☒ Yes
☐ No
☐ Do not know

If yes, which claim(s)?

7, 10, 12, 13,
_____
_____

D. Did you file a grievance in the jail, prison, or other correctional facility where your claim(s) arose concerning the facts relating to this complaint?

☒ Yes
☐ No

7

If no, did you file a grievance about the events described in this complaint at any other jail, prison, or other correctional facility?

☐ Yes
☐ No

E.    If you did file a grievance:

1.    Where did you file the grievance?

Christian County Jail, I wrote a letter to prosecutor office asking for copies & they did not send

Many ROS Grievances go unanswered like requests for Records

2.    What did you claim in your grievance? *(Attach a copy of your grievance, if available)*

[1] Need discovery process info, [2] Jurisprudence, [3] legal forms, [4] Form 40, [5] Public Defender request responded to, [6] Towels are unra-smelling, [7] Need copy of what being held for, [8] address for this court, [9] hold to be abated (all separate) [10] warrants needed

3.    What was the result, if any? *(Attach a copy of any written response to your grievance, if available)*

[1] said I was given discovery [2] No answer [3] go through attorney for [4] [5] go through attorney [5] we have no control over that [6] towels are cleaned and washed prior to issue [7] told what I'm being held for [8] include in claims, told essentially its not grievable [9] This is being worked on [10] has to be provided in discovery, not allowed to ask for Discovery Provided that they mention was by PA Bogden around 2/18/25

4.    What steps, if any, did you take to appeal that decision? Is the grievance process completed? If not, explain why not. *(Describe all efforts to appeal to the highest level of the grievance process.)*

Grievance Process Completed or unanswered

8

F.   If you did not file a grievance:

    1.   If there are any reasons why you did not file a grievance, state them here:

_____

_____

_____

_____

    2.   If you did not file a grievance but you did inform officials of your claim, state
who you informed, when and how, and their response, if any:

_____

_____

_____

_____

G.   Please set forth any additional information that is relevant to the exhaustion of your
administrative remedies.

Please look on Case.net 24CF-CR00816 2(cf-CR0057704 21cf-CR00780d
21cf-cRoo8150l - inability to exhaust, been trying to get Sociily done
in court, plese help

*(Note: You may attach as exhibits to this complaint any documents related to the
exhaustion of your administrative remedies.)*

## VIII. Previous Lawsuits

The "three strikes rule" bars a prisoner from bringing a civil action or an appeal in federal court
without paying the filing fee if that prisoner has "on three or more prior occasions, while
incarcerated or detained in any facility, brought an action or appeal in a court of the United
States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim
upon which relief may be granted, unless the prisoner is under imminent danger of serious
physical injury." 28 U.S.C. § 1915(g).

To the best of your knowledge, have you had a case dismissed based on this "three strikes
rule"?

☐ Yes
☒ No

9

2.) On 11/20/24 P.O Patricia Drinkall of Christian County Probation and Parole Office at 301 E Hwy CC Ste 4, Nixa,MO 65714, Her Badge Number is *** 1411, called Haven Medlin at around 9am to report in and to be there before 11 am. Haven Medlin Arrived at about 10:40 am. He did not believe he was free to leave, because during previous visits he was required to stay until seen after checking in. Haven was required to wait until a little after 11 am. Haven did a urinary and immediately thereafter, was told by Patricia Drinkall that he was to be taken to the Christian County Jail by detectives. Patricia did not say why. Immediatly after Patricia Drinkall placed a Probation Warrant on Haven Medlin, and did not give Haven or the arresting officers any statement or warrant. There was no bond or bail on this warrant.

She claimed She has further claimed that Haven Medlin has been formally Charged in the MO this is Courts when no information or indictment has been filed. Patricia Drinkall violated Policy to violate solely for arrests, Haven's Due Process rights by using her probation powers to initiate a warrantless regardless if one is innocent or not and by placing a DOC warrant without giving the arresting officers a warrant or statement. She detained Haven until... (4th amendment 8) (5th Amendment) (14th

2.) Around 11:20 am on 11/20/24 Detective Sara Spurlock Badge # of Christian County Sheriff Office ( CCSO From here on out) enacted a warrantless arrest under (CSO Detective Nathan Law's Badge #215's order. The warrantless arrest was unlawful, unreasonable, and contrary to law. It lacked probable cause. The arrest was made before any meaningful investigation was conducted and this was intentional or reckless. The arrest was made while taking the testimony, during a non-emergent situation, of alleged victim C.W. The arrest report has been supplemented and changed, with only a date of 11/27/24 as when the report was written. Information was altered after, and a log was made by Detective Law last dating 12/17/24. The SANE Nurse's written testimony was left blank, and a computer-typed narrative was <s>Case 6:25-cv-03016-MDH Document 1 Filed 06/16/25 Page 9 of 33</s> DA's Office. At this time. Haven Medlin was not told why the arrest was happening. Haven did not want

1

to go and expressed that. Cuffs were placed and then Haven Medlin was transported to the (Christian County Jail ( CCJ from hereonafter) located at 110 W Elm St Rm 70, Ozark Mo 65721. Detective Law coerced a testimony ~~of~~ of innocence by enacting an unlawful arrest and putting Haven Medlin's ~~restraint~~ liberty in constraint through deprivation and by psychologically manipulating Haven Medlin with his questioning tactics. The arrest was made so that an interrogation and investigation could be conducted. 4th amendment, 5th amendment, 14th amendment.

3.) On 11/20/24, at an unknown time after 1130 an Judge JohnsonxxDiv I at Christian County MO at 102 W. Walnut st Ozark Mo 65721 approved a search warrant after the warrantless arrest of Haven Medlin. The application was presented by Prosecutor John or Jane Doe (1) of the Christian County Prosecutor's office at 102 W. Walnut St Ozark MO. Detective Nathan Law and Prosecutor John or Jane Doe(1) did not seek to obtain an arrest warrant to satisfy the 4th amendment, and Judge Johnson did not make an inquiry or a determination in regards to the warrantless arrest. 4th 5th and 14th amendments.

4.) That as a matter of policy, phone usage is limited to the HomeWav Kiosk System. Before being booked in and given an impermissible Inmate ID by CCSO John or Jane Doe (2), Haven Medlin was denied phone calls at around 1 pm on 11/20/24. Haven was told that phone calls can only be made by the HomeWav Kiosk System, and after receiving a jail wristband. Before the partition was installed in Booking, detainees at the CCJ were able to make phone calls utilizing the Booking telephone. When finally given an inmate ID, it did not match his old one from when he was previously in jail, and if remembered correctly, was #181. Haven Medlin asserted his right at the time before interrogation to utilize the phone. Haven Medlin was

2

Jail ID. Haven needed to use the phone in order to contact friends and family to protect his property and interests, as well as to seek advice. This is pre-trial oppression and is unconstitutional. 5th 6th and 14th amendment, 1st amendment. JB

5.) On 11/21/24 Judge Bacon found probable cause for a complaint filed by Prosecutor Amy Birch. In the complaint, Complainant Detective Nathan Law alleged false facts and facts found after the warrantless arrest was permitted to be taken into consideration by Judge Douglas P. Bacon. Judge Douglas P. Bacon did not consider probable cause or the facts known to the Complainant at the time of the warrantless arrest and permitted the arrest and warrant based on later reasoning. This does not satisfy the 4th amendment or 14th amendment.

6.) That Judge Bacon and Judge Jessica L. Kruse stepped down as impartial judicial decision makers by abdicating the rule of law through disallowing pro se litigation, refusing to hear or allow Haven Medlin to call-up hearings, as well as heavily favoring the prosecution and allowing the cruel and unusual punishment of Haven Medlin for attempting self-representation. The judges do not have jurisdiction to commit illegal acts. Prejudice was shown by the Judge's voice inflection and facial expression, as well as their interruptions when Haven Medlin tries to move the court or plead certain matters. They do not interrupt the opposing parties. 8th Amendment, 1st Amendment, 8th amendment, 5th amendment, 14th amendment 6th amendment

7.) That there is an inability to exhaust due process. The pretrial conditions imposed inhibit the ability to self-litigate and the lack of legal assistance by P.D Amy Clay; Haven Medlin has painstakingly attempted to litigate in Christian County on many occasions. This most readily can be seen when attempting to seek relief on 12/18/24, 12/31/24, 1/26/25, 1/13/25, 1/15/25,

1/23/25, 1/21/25 and more dates in Judge Bacon's court room, and 1/13/25,
12/27/24, 1/13/25, 1/16/25, 1/23/25, 1/31/25 and more dates in Judge
Kruse's court room. When attempting to address issues in court, and dismiss
PD Amy Clay, Haven Medlin is effectively shunted and not given his day in
court or meaningful access to the courts. For attempting self-litigation
Haven Medlin has been punished, most recently on 3/18/25
when addressing Amy Clay's court actions, or lack there of, 5th 8th 6th
14th amendments. Haven has been retaliated against by Judge Bacon
and Judge Kruse, first starting when filing/sending a Habeas
Corpus on 12/6/24.

8.) Judge Bacon and Judge Kruse, as a matter of policy and
custom, and procedure personally do not uphold Missouri Law or the Federal
Constitution. The right to speedy trial and release has been violated
on 6/22/21 and 7/21/21 and 11/26/24 and 1/14/25 and 1/29/25 when
court is adjourned in an excess of 21 days, and the mandatory
timeliness for preliminary hearings are exceeded. Haven Medlin is
entitled to a bond consideration every 21 days, maximum. Judge Kruse
starting on 11/15/2022 unreasonably delayed an initial appearance, to
an unscheduled court date of 12/01/2022 where no bond was considered.
Bond was not considered until 01/04/2023. More recently, bond
has never been considered for Haven's probation violations starting
on 12/26/24. They have instead opted to punish and not follow the
law. 8th 6th 5th 14th amendments. They use their judicial office to deprive rights.

9.) That no leave of court has been granted to allow video technology
to be used in court appearances while in custody and this inhibits
Haven Medlin from presenting court documents, and his ability to
present himself and his issues. The video technology is prone to

JB

"Cut out" and this occurred on 1/29/25. at about 10:30

Am, after Amy Clay was allowed to withdraw. Haven Medlin asked

witness CCJ Baliff John Doe (3) if this happens often and he said it

does. After Amy Clay was allowed to withdraw and the video

cut out, 8 minutes, or so, passed until court reappeared on screen

New charges were filed and the original "Felony Complaint" was

supplemented with a "Amended Felony Complaint", in which no leave

of court was granted and no probable cause hearing for the Probable

Cause statement had. Again on 3/18/25$^{JB}$ around 1030 Am, while in Court

an unknown party, presumably a PD Jane Doe (4), interrupted Judge

Bacon and asked the court to conduct a Faretta hearing. This was

unintelligible and could only be vaguely understood because of the

video technologies microphone equipment. Whatever was spoken

closely resembled the word Faretta. Thereafter the court moved and Prosecutor

Amy Bunch, along with it, to set a Faretta hearing date, but Haven

did not want to allow Amy Clay to withdraw and only her dismissed

and appointed new stand by counsel, but the Judge Bacon would not

allow new counsel. This is a Due process issue and not being

brought before the court by Jail Administrator Captain Craig in

Judge Bacon and Judge Krase's court room is a matter of policy,

procedure, or custom. Due process rights.

(10.) There is an inability to exhaust Due Process because of the lack

of legal materials available to prepare litigation. The law library does

not provide enough access to self-litigate. To litigate in Christian

County you have to have an attorney. Sheriff Brad Cole does not provide

the meaningful access to courts. All due process procedures can't be prepared

For (specific reasons here for library documents) that directly apply to

5

Missouri Law, and 8th District Federal Law, and the U.S. Supreme Court. Federal Caselaw and decisions that apply to Haven Medlin's case and research to prepare and understand litigation and his situation are inaccessible, such as Beauchamp v. City of Noblesville, 320 F.3d 733, 745. Any documents filed in caselaw is unviewable, and pictures or text for forms formatted with imaging in the MO Sup Ct and 38th Judicial Circuit rules are not viewable. There is no way to determine what the forms in the 38th Judicial Circuit are for. There are no materials for briefs, or any physical books available to explain the legal process and how to notice hearings, call them up, write a motion, or any other form of interacting with the courts. In the MODOC, there is material sufficient on Lexis itself to draft documents and conduct ones own litigation. Lexis that is registered to the Christian County Sheriffs Office is stripped of important material to answer law questions. Legal mail is being opened and read before being brought into the pod, and not, believed to be, being sent. The process is unknown to Haven Medlin. Due process rights, Federal mail statues.

11.) that felony criminal prosecution has ensued on a complaint by Prosecutor Anna Bunch's own admission. On 12/10/24 Anna Bunch filed a motion in Judge Knox's court room utilizing a probation report where it is written "Formal charges have been filed" and during court has used similar terminology of charges denoting a criminal prosecution has begun. Judge Douglas P. Bacon has held an arraignment on 11/20/24 and 1/29/25 requiring Haven Medlin to answer for felony charges when no criminal prosecution should have started. Judge Bacon made a plea of not guilty on Haven Medlin's behalf on 11/20/24 and 1/29/25 Haven Medlin verbally refused to answer felony charges, as no

6

preliminary was held and accusations not brought forth, just allegations. On 6/22/29 and 6/11/21 in cases 21CT-CR00960-01 21CT-CR008150-01 and 21CT-CR00573-01, the docket reflects these initial appearances as a "Formal Arraignment". Judge Bacon has determined that I am accused and I require counsel to have a preliminary, or to proceed in court. PD Amy Clay, Daniel Newell, and Bryan Delleville did not defend this right.

12.) That by CSO John or Jane Doe (4) Haven Medlin's messaging was disabled in an attempt to inhibit Haven from messaging his twin sister to prepare a pro se habeas corpus on 3/04/25. This is cruel and unusual punishment, and was circumnavigated by making voice phone calls. Equal Protection of law would mean all other inmates would need to have their messaging disabled too, when sending message about legal preperation. 8th, 14th amendment

13.) That during detainment between 11/23/24 and now, Haven has been subject to cruel and unusual punishment inside the Christian County Jail by Sheriff Brad Cole. The towels smell of urine and there is Black Mold in Haven's immediate area. Grievance level 3 was achieved, and Captain Craig came into the bunk area around 2/25/25 and sprayed with chemicals. Upon completion, there was still a substantial amount of mold. On 2 seperate occasions, a total of 3 CCJ officers John doe (5)(6)(7) came and took pictures. ―witnesses The towels used are not seperated when biologically contaminated. Haven Filed a level 3 grievance, and was told by CCJ officer JANE DOE (8) that this is just how it is. 8th Amendment, 5th amendment

14.) That the Judges Bacon and Kruse, Circuit Clerk Barbara Stillings, Sheriff Brad Cole, Jail Administrator Captain Craig, Prosecutors Kristen

M. Trohy and Anna Bunch, Public Defenders John or Jane Doe(a), Amy Clay, Daniel Newell, Bryan Delleville have a mutual understanding to deprive indigent/pro se defendants, more specifically Haven Medlin, of their constitutional rights. The constitutional due process rights. Haven Medlin is required to have counsel or waive counsel before being allowed to participate in court proceedings in any meaningful manner. On 11/26/24, during a bond hearing, evidence of Victim Advocate making a statement was introduced by Prosecutor Anna Bunch. Haven Medl was not given the same opportunity to rebut as an attorney would to this vague governmental statement. No document was stated in court to exist. Judge Bacon continued the case in excess of 21 and 30 days to "wait and see i the defendant has been appeared by the Public Defender's Office" when in Misso counsel is not required to be had at a preliminary hearing. Judge Bacon did not inquire to the defense if the time is suitable or appropriate for him and only made askance of Prosecutor Anna Bunch, thus using the deprivation of Haven's liberty and lack of meaningful access to the courts as a means to justify the violation of Haven Medlin's rights and not upholding Missouri or Federal law. Judge Kruse does this, as well and has happened on numerous occasions. On 12/16/2 a request for discovery was sent by Haven and this was allowed to be declined by Prosecutor Anna Bunch on the grounds that either counsel must be had or waiver of counsel be made before they followed Missouri Law Sup CtR 25.03 Disclosure Motions and papers to be filed by Circuit Clerk Barbara Stillings are habitually and consistantly delayed or not filed. This has happened on many occasions. Notably on October 27th of 2022 and 1/23/25 where the delay has prejudiced the defendant and where delays in requesting information leads to unprepared court dates. Haven Medlin is being left "in the black" about his court proceedings. Motions filed/sent by PD Amy Clay and notices

8

are immediately filed as soon as they've recieved. The lack of accountability supposed by a pro se litigant, because of their inhibition of law and legal material/opportunities cause this. Requests by Haven Medlin for pertinent information are either honored and posted on case.net, with unreasonable delay caused by sending then recieving the document back to herself, or all together ignored. This can be readily seen on 1/13/25, a request for information was sent to Haven by Clerk Stilings some ~ re, Sent to Clerk Stivings by Haven Medlin, around 12/26/24, recieved 1/3/25, sent in the mail the same day to Haven Medlin, recieved by Barbara Stillings on 1/08/25, then given to Haven Medlin on 1/17/25. The contents were 1 copy of the Correspondance filed in Judge Bacon's court room by Prosecutor Anna Bunch with a note saying "This is the only thing that has been filed in any of your cases. The court does not just automatically send things that have been filed on your case. If you are pro-se, you do the work yourself! Thanks" and 1 page of the docket entries for cases 24Ct-CR01816, 21ct-CR00160-01, 21Ct-CR00815-01, 21Ct-CR00573-01. There is very obviously more than just the correspondance filed in these cases. Haven Medlin has requested information 7 times. Barbara Stilings does not provide all requests for records. Requests for subpoenas and transcripts are ignored until 2/10/25 since a cover letter stating Judge Bacon and Kruse will make a determination in court for them. This never happened. On 3/6/25 Judge Kruse said she had no idea what that was about and to ask my PD Amy Clay if it was necessary to have transcripts. Amy Clay refuses to, on 1/14/25, to file habeas corpuses in any manner which the transcripts are needed for so that his convictions can be reversed and Judge Bacon Judge Kruse, PDs Bryan Delleville, David Newell, Amy Clay, Jane Doe (4) Prosecutors Anna Bunch, and any court proceeding be held accountable. Haven Medlin is unable to get relief. Judge Kruse does not allow Haven Medlin to to Seek Filed 06/16/25 relief in any meaningful manner

JH

On 1/16/25, at the beginning of court, Haven politely asked Judge Kruse to hear him out on matters regarding his current illegal detainment. Judge Kruse allowed Haven to speak, and within the first few moments Haven mentioned the Motion to Dismiss in Judge Bacon's court room. Judge Kruse interrupted the moment Haven took a breath and said that what happens in Judge Bacon's court room stays in his court room and she will not hear him on the Matter. Haven submits this means she will not follow the responsibility of a judge and hold other judges accountable for their illegal or unlawful acts. Haven also submits there is a mutual understanding to disallow responsibility between judges to hold themselves accountable. After she said that, Haven reluctantly having to interrupt in return because she was trying to move past the illegal detention, saying that if she has knowledge of an illegal detainment that she must order a writ of habeas corpus as a matter of law. She moved the court past this and gave the ultimatum of "Consent to Revocation or apply for a public defender" that in which was already applied for and denied unduly and against Missouri Law. Haven chose the latter hoping a new PD would be assigned, and so he could protect his rights, while also not going to prison. Court was then adjourned until after 2/26/25 where a hearing was scheduled by PD Amy Clay without Haven's fore knowledge on 1/14/25. The 2/26/25 hearing was never held with no cause as to why. On 3/6/25 PD Jane Doe(9) appeared on behalf of Haven Medlin, when no entry of appearance was begotten by the Public Defender Office in Judge Kruse's court room. Haven Medlin came prepared to litigate, but Judge Kruse would only accept a continuance by P.D. Jane Doe(9), when said she generally appears on Amy Clay's behalf when she is unavailable. Judge Kruse said that allowing me to litigate would be unfair to PD Jane Doe(9), because she does not know what I intended to do, when that is PD Jane Doe(9) and PD Amy Clay fault for not visiting or communicating before court. Sheriff Brad Cole fails to train staff on handling matters. Grievances filed never result in legal documents

10

Showing by what virtue I am being held for and preparation material, a §1983 document/form, and preparation material. Multiple level 3 grievances were filed and as stated in the Jail Handbook, go to captain craig. Cpl Loeb answered some of these. There is inadequate access to a meaningful law library to litigate in the courts, and this inhibits pro se defendants and all inmates in acquiring legal knowledge and prepatory material, more specifically this inhibits Haven Medlin. Requesting the address for this court on was deemed "Invalid request, closed" and then upon another attempt on 02/09/25 answered "Mr. Medlin I am not your personal assistant to provide you any information you request upon demand. The address to the federal courthouse is 222 S. John Q Hammons PKwy Springfield Mo 65807. Do not submit any further requests unless they meet the policy set forth in the inmate handbook." by Captain Craig, thus showing it's a part of policy and training to violate Haven Medlin's constitutional rights. I follow all procedure properly for these requests. More requests were made for law material and law questions, ultimately being unanswered or to "speak to your attorney" about these. There is instances of this going back to 4/20/23 when Captain Floyd was the Jail Admin, thus showing its a procedural matter. Requests to the Public Defender via Romevew go unresponded. On 3/15/25 a request was sent to Amy Clay asking her not to continue and to appear without her, or if she wants to continue to request a bond by appearing over Webex. She then promptly appeared over Webex on 3/18/25 to request a continuance. Previously, on 1/14/25 and 1/21/25 she drove from St Louis to Ozark MO to appear for a continuance and withdraw, where no special setting was requested or needed. On 1/21/25 she committed perjury and said I requested her to withdraw. I never made that request. I sent a motion to proceed pro se and dismiss her so that I still may retain the assistance of a court-appointed attorney or Public Defender system. Judge Bacon would not let Haven Address conflicts of interest, and said to "File a complaint" on Amy Clay. He allowed her to withdraw when Haven was adamant he wanted her to be dismissed and to proceed with court while

waiting for another attorney to be appointed. On 3/18/25 Amy Clay and Judge Bacon committed perjury saying that Amy Clay on 1/14/25, when Haven was not present, moved to continue court for a 2/24/25 hearing. On that day Judge Bacon would not let Haven fully flesh out the conflict of intent, where Amy Clay is not protecting my rights and refusing to communicate. He then said my only two options are to let her withdraw or to keep her and that I'm not allowed to "Pick and choose who your public defender is", that Haven is stuck with a court appointed attorney who does not respect or defend their rights. 14th amendment?

15.) On April 18th of 2023 Nurse Jane Doe(10) with deliberate indifference neglects medical care to Haven Medlin. Haven Medlin was unable to exhaust the grievance procedure Haven

15.) That Haven Medlin was unlawfully transported over state lines from Broward County, Florida to Christian County, Missouri by Unknown Security company (usc) John Doe(10). Judge Knox signed an order to extradite Sean Robert Winchell, who has a different social security number, and was transported by John Doe(10) of an unknown 3rd party. Haven Medlin was being unlawfully held in Broward County, Fl, where they claimed he had an alias, and he was being held for charges of Criminal Mischief and Burgarly. Sean Robert Winchell, between May 7th of 2022 and August 11th 2022 was simultaneously on bond and in Jail. During Transport, Haven Medlin was forced to go through TSA and be called Sean Robert Winchell by John Doe(10)or else he would have to further endure more punishment in Broward County Jail. Haven Medlin was forced by Broward County to sign paperwork as Sean R. Winchell. When presented to the Christian County Jail on November 15th 2022, John Doe was informed by an unknown CCJ Officer John Doe(11) that Sean Robert Winchell does not have a warrant from the state of Missouri. Haven, In Broward County, filed many grievances. Haven Medlin told John Doe(11) his name, thankfully, otherwise a lengthy process of fingerprinting would have occurred. Haven Medlin

12

told PD Daniel Newell of this extradition, and PD Daniel Newell refused to address this to the courts, in Judge Kruse's court room.

(6.) On 11/26/24 Bond was denied by Judge Douglas Bacon when no clear and concincing evidence was shown to the courts proving Haven Medlin is a dangerous person. It was all based on Prosecutor Anna Burca's word. Bond or Bail have not been sought by Amy Clay, and delayingly so by Daniel Neary and Bryan Delleville. Motions to set bond, noticing and calling up bond hearings, and verbally requesting bonds in Judge Bacons court room have went unconsidered and unheard. Considerations of bond are not allowed, and Haven Medlin has a right to release in Missouri. 8th amendment, right to liberty.

— Injuries — (a) — Relief — (b) (after 17)

(7.) That Judge Bacon is trying to prevent Haven from moving the court in dismissing the charges with prejudice by not filing his motions to dismiss, not hearing him, and in doing so protects the prosecutors from a malicious prosecution tort. 8th - Cruel and unusual, Due Process 14th

Injuries as (a) and Relief as (b)

1.) (a) Mental Anguish, Bodily Injury, Emotional Distress, loss of rights and reputation by lack of due process and abuse of power in detaining Haven Medlin for a warrantless arrest, and violating his probation for an arrest when no crime has been determined to have happened. (B) Monetary Damages of $50,000 for the arrest and abuse of probation powers, declatory judgement for policy or custom showing probation violations where no formal charge and accusation is made is unconstitutional Injunctive relief, ordering Christian County PnP Office to provide all PnP arrests with copies to their person, not box as Ofc. Browning said in February of 2025, as in Missouri Regulation 14-80.40 rights of Probationers

2.) (a) Bodily injury, Emotional Distress, Mental Anguish, loss of reputation and employment at incision. (B) Monetary damages of $7,500 for Sara Sparlock and Detective Law each. Declare an interview must be made before a warrantless arrest to protect 14th amendment

13

There is so much more but I am lacking paper and it's confusing me. I don't know if I'm doing it right so I am going to put a list of relief for court appointed attorney. ~~concreteness~~

1 Declaratory - Courts are required to make a probable cause determination for [1] arrests when presented with a search warrant, [2] pro se litigants are offered the same opportunities in respect to the rule of law, [3] declare meaningful access to a law library be granted by providing use of Lexis law library — what is provided is insufficient [4] Declare prosecution providing no discovery to pro se litigants where no attorney is appointed is unconstitutional, they provide it to attorneys. [5] Declare using housing only unconstitutional when not booked in and unable to make a phone call. [6] Declare Prosecution no seeking a warrant for arrest when Haven is arrested unconstitutional [7] Declare Christian County Courts can't require a public defender until after the arraignment in a circuit court [8] Declare extradition unconstitutional [9] Declare inhouse mail is not properly being handled and accurate records kept [10] declare a showing of alleged victim statement must be specific and not vague in order to use it as a means of denying bail or bond [11] Declare not proceeding in person and without leave of court, as put forth in local rule 2.4? unconstitutional and violates due process [12] declare Haven's lack of legal attorney violates his rights and that PD Amy Clay's conduct is against the 14th amendment [13] Declare Haven's confinement is cruel and unusual not only in condition but in circumstance as well. [1] Injunct that a Jailhouse lawyer be hired to help inmates with law questions [2] injunct Lexis law library have expanded the access to all federal courts, all 50 states, all necessary preparatory material like how to write motions and make claims, all secondary material, access to MAI jury instructions and briefs, and allow images and documents be seen through case law and forms [3] injunct inhouse mail must be thoroughly documented to include in the inmate activity record the date, were sent to, how many sent. [4] Injunct when Haven Mellin is being criminally litigated against in Christian County that so long as he is indigent, a pro bono attorney must be hired from at least 2 counties away. [5] Injunct that any further litigation done to Haven Mellin in Christian County be done by a special judge assigned

14

by the Missouri Supreme Court. [6] Injunct that access to the courts be given to Haven Redlin "as an attorney would" [7] Injunct that the State of Missouri stop all further prosecution until a fed attorney is given. [8] Injunct PD Amy Clay lose her lawyer license. Monetary relief of $7,000,000 total. (can probably not but this is outrageous and 4 years of my life has been spent getting bullied by these people) my youth is gone. ) Defendants All in individual/official

1. P.O. Patricia Drinkall, Christian County PNP office 301E Hwy CC Ste 4, Nita Mo Badge EO|6|4|| , [2] Detective Spurlock, Sara of CCSO at 110 W Elm St Rm? Ozark Mo 65721 Badge #??? [3] Detective Nathan Law of CCSO at 110 W Elm St Rm? Ozark Mo 65721 Badge #215 [4] Prosecutor John or Jane Doe (1) Christian County Prosecutor Office , 102 W. Walnut St Ozark Mo 65721, [5] CCSO John or June Doe (2) 110 Walnut [struck] E Elm St Ozark Mo 65721 of Christian County Jail Badge #??? [6] Judge Douglas P. Bacon Christian County Judicial office 110 W Elm St Rm 105 Ozark Mo 65721, [7] Prosecutor Anna Bunch Christian County Prosecutors Office, 102 W Walnut St Ozark Mo 65721, [8] Judge Jessica Lynn Kruse of Christian County Judicial Office at 102 W Walnut Ozark Mo 65721 [9] Public Defender Amy Clay of MOPD at 1010 Market St, Suite 1100, St. Louis, Missouri, 63101, [10] PD Jane Doe (4) of MOPD at 630 N Robberson St Springfield Mo 65804, [11] Jail Admin Captain Craig of CCSO at 110 W Elm St Ozark Mo 65721 Badge ??? [12] Sheriff Brad Cole of CCSO at 110 W Elm St Ozark MO 65721 Badge ??? [13] PD Daniel Newell of MOPD 630 N Robberson Ave Springfield Mo 65804 [14] PD Bryan Delleville of MOPD at 630 N Robberson Ave Springfield Mo 65804, [15] CCSO John or Jane Doe of CCSOJ at 110 W Elm St Ozark Mo 65721, [16] PD John or Jane Doe of Missouri Public Defenders Office at 630 N Robberson Ave Springfield Mo 65804, [17] Security Officer Baldwin, John Doe (6) of unknown in Michigan, CCJ Officer John Doe (11) of CCSO at 110 W Elm St Ozark No 65721 — another on back

15

Identification

All Mentioning of Judge Bacon's Court refers to Case 24CT-CR08__
except for on date 9/21/21, 6/22/21 6/14/21

All mentioning of Judge Kruse refers to cases 21CT-CR00573-01 and
21-CT-CR00960-01 and 21CT-CR00515-01

The arrest for ground 1 23 4 5 refer to Judge Bacon's case

Notated on Claims is JB for Bacon Dates and JK for
Kruse Dates.

"I" or "Me" refers to Haven Medlin, plaintiff

Adding Defendant — 18 — Clerk Barbara Stilling 110 W Elm St Rm 105
Ozark MO 65721 of Christian County Judicial Office

I, Haven Medlin hereby declare under the penalty
of perjury the foregoing is correct and true to the
best of my knowledge and belief.

3/23/25                                    [signature]

If so, state which court dismissed your case, when this occurred, and attach a copy of the order if possible.

_____

_____

A.  Have you filed other lawsuits in state or federal court dealing with the same facts involved in this action?

☐ Yes
☒ No

B.  If your answer to A is yes, describe each lawsuit by answering questions 1 through 7 below. *(If there is more than one lawsuit, describe the additional lawsuits on another page, using the same format.)*

1.  Parties to the previous         it

Plaintiff(s) _____  _  _____

Defendant(s) _____  _  _____

2.  Court *(if federal court, name the district; if sta. : . urt, name the county and State)*

_____

3.  Docket or index number

_____

4.  Name of Judge assigned to your case

_____

5.  Approximate date of filing lawsuit

_____

6.  Is the case still pending?

☐ Yes
☐ No

If no, give the approximate date of disposition. _____

10

7.    What was the result of the case? *(For example: Was the case dismissed? Was judgment entered in your favor? Was the case appealed?)*

_____

_____

C.    Have you filed other lawsuits in state or federal court otherwise relating to the conditions of your imprisonment?

☐ Yes
☒ No

D.    If your answer to C is yes, describe each lawsuit by answering questions 1 through 7 below. *(If there is more than one lawsuit, describe the additional lawsuits on another page, using the same format.)*

1.    Parties to the previous lawsuit

Plaintiff(s)    _____

Defendant(s)    _____

2.    Court *(if federal court, name the district; if state court, name the county and State)*

_____

3.    Docket or index number

_____

4.    Name of Judge assigned to your case

_____

5.    Approximate date of filing lawsuit

_____

6.    Is the case still pending?

☐ Yes
☐ No *(If no, give the approximate date of disposition)*:

_____

11

7. What was the result of the case? *(For example: Was the case dismissed? Was judgment entered in your favor? Was the case appealed?)*

_____

_____

## IX. Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

I agree to provide the Clerk's Office with any changes to my address where case-related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing: _____, 20__.

Signature of Plaintiff

Printed Name of Plaintiff     Haven Medlin

Prison Identification #     94804

Prison Address     110 W Elm St Rm 70

City State Zip Code     Ozark MO 65721

12

In Re Haven M Medlin    In The Missouri Supreme Court
Michael K Medlin, Petitioner

Case No. 24CT-CR0018L
24CT-CR0094L
2KT-CR00815L
2KT-CR00573L

V.

John or Jane Doe, Respondent. Writ Suggestions

On March 5th, 2024 the Missouri Supreme Court issued it's decision in <u>Woods v Dierker</u> 684 SW 3D 727 which held that "The mandatory deadlines in rule 22.09(a) reflect that a preliminary hearing's important purpose is to ensure those charged with a crime are not subject to continuing prosecution without probable cause" and that "A preliminary hearing is designed to prevent the possible abuse of power by the prosecution while at the same time to permit the arrest and detention of an accused in a proper case. Although Wood's case was ultimately considered Moot, Haven M Medlin submits that the case and it's holding applies with equal force to him. The Court has also held that "The language of <u>Rule 22.09(a)</u> is plain and sets out explicit, definate and mandatory time limits when a preliminary is to be held." <u>Woods v. Dierker</u>, id This is not a time-related directive.

The <u>Woods</u> Court has noted a similiar issue by the Supreme Court of Massachusetts in <u>Commonwealth v Perkins</u> 464 Mass. 92 981 NE 2.D. 630, 640 "The Commonwealth is not entitled to proceed at whatever pace it may choose... And a judge may not simply rubberstamp the Commonwealth's request for a continuance... And when considering the continuance

"A judge must make a meaningful inquiry..."

The foregoing case establishes a definite time limit, that is a deadline, for when probable cause must be found. And when a prosecution lacks probable cause, it is an abuse of power, which is prevented if Rule 22.09(a) is adhered to. The time-limit referred to is a jurisdictional deadline. The parties can not waive the deadline, itself, and non compliance can not be excused. The abuse of power by the prosecution is unexcusable.

On October 14th 1963 in State v Woodery, 687 SW 3d 352 the Supreme Court held that "The only function of a preliminary hearing is to determine probable cause." And, in 1970, in State v. Ussery 452 S.v 2d 146, 148 that the purpose of that preliminary is to determine whether the allegations turn the putative criminal into a criminal that is accused, and it it May be so, to answer a formal charge. Furthermore, the United States Supreme Court held "A fair and reliable determination of probable cause Must be provided as a condition for any significant pretrial restraint of liberty." Baker v. McCollan 443 137. 142, 995 ct 2689 4 L.ED 2d 433 These cases establish a purpose of determining probable cause in a preliminary, that of a fair and reliable

determination must be given to justify the restraint of Liberty. Haven is currently under.

State v Black 587 S.W. 2d 865 states "the principal and perhaps single function of a complaint is to serve as the basis for an application for an arrest warrant." This complaint is supported by a probable cause statement pursuant to Mo Sup Crt R 22.03 and a complaint is to justify the arrest warrant.

The courts have held in State v. Adams 791 S.W. 2d 873 1990 Mo App Lexis 845 that the defendant has a right to challenge the courts finding of record of probable cause and that is in the way of a preliminary hearing, where probable cause is determined in finality.

So far, it has been established that Haven Medlin has a right to a preliminary hearing in a timely manner and that a fair and reliable determination of probable cause must be provided to restrain one's liberty.

On March 21st, 2017 Justice Kagan ordered in Manual v City of Joliet, ILL 580 U.S. 357 that a "pre-trial detention can violate the 4th amendment and this happens before and after the legal process

Commences in a criminal case. The detainment of a person without probable cause is prohibited by the 4th amendment. This can occur when legal process goes wrong. _Manual v Joliet, id._

Haven Medlin submits that the preliminary hearing not being held in the manner put forth in _Mo Sup Ct R 22.09_. is where legal process has went wrong, and the continued prosecution is an abuse of process.

In addition, Haven submits that on February 18th, 1975, in the U.S. Supreme Court, what the supreme Court opined in concurrence is entirely applicable and relevant to this situation. Mr. Justice Stewart put forth "The constitutionality of any particular method for determining probable cause can be properly decided only by evaluating a state's pretrial procedure as a whole, not by isolating a particular part of its total system." Therefore, if a reasonably prudent man were to look at only the probable cause for a complaint, one would deem the pre-trial detention of Haven Medlin constitutional. However, if he were to look and consider the totality of Missouri's pre-trial felony procedure under _Rule 22_, one would recognize that there is a requirement for a preliminary hearing in 30 days following a judge finding a recorded statement of a reasonable ground to believe one is guilty made by the police of complainant

in order to arrest. Probable cause for a prosecution
requires a fair and reliable determination, either by
grand jury or preliminary hearing, in order to make
one accused and justify detention on reasonable grounds
in a proper case. Gerstein v. Pugh 956 Ct 854

In light of these descisions, Haven Medlin suggests
that a preliminary hearing not being held in a
timely manner equates to the unreasonable seizure
of a person, and that this violates the fourth amendment
and MO Const. Art 18 § 5 rights, and that untimeliness
violates the speedy trial right.

Here after, Haven makes suggestions in regards to
the arrest and DOC Detainer/warrant effecuated on
11/20/24. The Missouri Constitution, like the
Federal Constitution, explicitly recognizes the
rights "to life, liberty, and the pursuit of happiness."
And "That no person should be deprived of life,
liberty, or property without due process of Law." MO
Const. Art 18 § 4 and § 10. In United States v. Basso
632 F. 2d 1007 1013, the due process protections
of a probationer requires "Showing of reasonably
satisfactory proof of cause." After the arrest and
detainment, the probationer in this matter was not
given any reason or proof as to the cause of his
arrest.

In

relation to this, Haven Medlin suggests that his due process rights have been violated, when no copy of the warrant was provided.

Afterwards, a probation violation warrant was issued by the court on 12/20/24. No condition of release was considered in the courts within 7 business days. Rule 29.18 mandates this. This is where a public defender may be determined nescessary. The public defenders office was denied before any hearing by the judge. This also violates KSMO § 559.036(6), where a descision was made before a revocation hearing to dis allow a public defender from aiding Haven Michael Medlin. As Haven Medlin is not formally charged, delayed action should have been recommended where no warrant would have been filed.

Wherefore, the petitioners pray this writ issue and in all due diligance. That relief be given by the way of Habeas Corpus to Haven M. Medlin.

I endorse and acknowledge that a true copy was served personally to John or Jane Doe, respondant, this 24th day of february 2025 of this writ suggestion and summary.

Pro se form Haven Medlin